IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM MICHAEL TOMPKINS; KIMBERLY J. TOMPKINS, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION; LASALLE BANK, N.A.; WASHINGTON MUTUAL HOME LOAN, INC.; JPMORGAN CHASE INVESTMENT BANKER; ARIZONA TITLE AGENCY; CITICORP HOME EQUITY, INC.; CALIFORNIA RECONVEYANCE COMPANY; Undisclosed Mortgage Aggregators, Mortgage Originators, Loan Seller, Trustee of Pooled Assets, Trustee for holders of Certificates of Collateralized Mortgage Obligations, et al., individually, jointly, or severally, RESPA,<br><br>Defendants. | No. CV-09-2014-PHX-GMS<br><br>**ORDER** |

Three motions are pending before the Court: (1) a Motion to Remand filed by Plaintiffs (Dkt. # 15), (2) a Motion to Dismiss or, in the Alternative, for More Definite Statement filed by CitiMortgage, Inc. ("CitiMortgage") (Dkt. # 1, Ex. 1) and (3) a Motion to Dismiss filed by Defendants JPMorgan Chase Bank, N.A. ("Chase"), an acquirer of certain assets and liabilities of Washington Mutual Bank ("WaMu") from the Federal Deposit

Insurance Corporation ("FDIC") acting as receiver, Bank of America, N.A. ("B of A"), successor by merger to LaSalle Bank, N.A. ("LaSalle"), and California Reconveyance Company ("CRC") (Dkt. # 9).[1] For the following reasons, the Court denies the Motion to Remand, grants Chase's Motion to Dismiss in part and denies it in part as moot, and grants CitiMortgage's Motion to Dismiss in part and denies it in part as moot.

## BACKGROUND

In August 2006, Plaintiffs took out a $1.3 million-loan from WaMu, evidenced by a promissory note and secured by a deed of trust that listed WaMu as lender and CRC as trustee. At the time, Defendants (although the Complaint does not specify which Defendants) did not disclose certain information to Plaintiffs, including Plaintiffs' likelihood of default, the possibility of foreclosure and deficiency judgments, WaMu's intent to retain ownership and servicing responsibilities of the loan, the loan's transfer to third parties, and other general information relating to the lending agreement. At some point, Defendants transferred the loan into a mortgage-backed securities market without notice. On September 25, 2008, the FDIC became WaMu's receiver, and Chase ultimately received a large portion of WaMu's assets.[2]

In early 2009, Plaintiffs allege that WaMu made an "unlawful trespass" on Plaintiffs' property, causing personal property damage and causing Plaintiffs to send a cease and desist letter to WaMu. (Dkt. # 1, Ex. 1 at 54.) In March 2009, WaMu "failed to take corrective action" and "proceeded to force the Plaintiff[s] into an alleged default." (*Id.*) Although the Complaint is unclear, it appears that a notice of trustee's sale was issued in July 2009. (Dkt. # 12 at 2.)

---

[1] It appears that CitiMortgage refers to Defendant CitiCorp Home Equity, Inc., while Chase refers to Defendant JPMorgan Chase Investment Banker. Because the parties do not address the issue of improperly-named parties, the Court need not address it either.

[2] Although the parties have not formally informed the Court of this event, the Court considers the fact given that the parties do not dispute it.

On August 18, 2009, Plaintiffs filed this action in Maricopa County Superior Court. On August 27, 2009, Plaintiffs served B of A, CRC, and CitiCorp Home Equity, Inc. ("CitiCorp"), and on September 3, 2009, Plaintiffs served Chase and WaMu. At the time the Complaint was filed, the FDIC apparently was acting as receiver for WaMu, but neither party has indicated that the FDIC was named or formally substituted as a party under Federal Rule of Civil Procedure 25(c). Furthermore, it appears that Plaintiffs have served neither the Arizona Title Agency nor LaSalle, although B of A apparently is LaSalle's successor via merger.

although B of A apparently is LaSalle's successor via merger, nor the Arizona Title Agency. On September 25, 2009, Chase, B of A, and CRC removed the case to this Court (Dkt. # 1), and CitiMortgage consented to the removal on October 20, 2009 (Dkt. # 19, Ex. A). At the time of removal, several motions for entries of default were pending in state court, but default had not yet been granted.

## DISCUSSION

**I.    The Court Denies Plaintiff's 28 U.S.C. Section 1447 Motion to Remand.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

/ / /

### A. The Court Has Federal Question Jurisdiction.

The Court has federal question jurisdiction under 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Complaint expressly lists claims arising under three federal statutes: (1) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (2) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* and Regulation Z, 12 C.F.R. §§ 226, *et seq.*; and (3) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* Each of these claims arises under the laws of the United States.

### B. The Removal Petition Was Procedurally Proper.

Aside from the jurisdictional question, Plaintiffs contend removal is inappropriate because not all Defendants joined in the removal. Generally, under 28 U.S.C. § 1446, "[a]ll defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties[,]" and except for those defendants that have not been properly served. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (requiring that all defendants join in the removal petition); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superceded on other grounds as noted by Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988) (noting that "a party not served need not be joined" in a petition for removal).

Here, Chase, B of A, and CRC filed the removal petition on September 25, 2009. CitiMortgage, LaSalle, Arizona Title Agency, and WaMu did not join the petition at that time. The removal petition, however, was nonetheless proper. CitiMortgage ultimately consented to the removal. Meanwhile, LaSalle apparently has merged with B of A, and it does not appear that LaSalle was served, so it was not required to join the removal petition separately. It also appears that Arizona Title Agency was never served, so it was not required to join the removal petition. *Salveson*, 731 F.2d at 1429 (noting that unserved parties need not join the removal petition).

Nor was WaMu required to join the petition because WaMu was not a proper party in the first instance. At the time Plaintiffs initiated this action, WaMu was in receivership with the FDIC, and Chase ultimately acquired certain assets and liabilities of WaMu from the FDIC. Because of WaMu's receivership, 12 U.S.C. § 1821(d) sets out specific procedures for determining claims involving WaMu. 12 U.S.C. § 1821(d)(5)(A) (discussing procedures for determining claims). Unless a plaintiff follows these procedures, a district court lacks jurisdiction to resolve such a case. 12 U.S.C. § 1821(d)(13)(D) ("Except as otherwise provided . . . no court shall have jurisdiction over – (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver."); *see also New Orleans Employees' Ret. Sys. v. FDIC*, 2009 WL 1034895 at *2 (W.D. Wash. Apr. 16, 2009) ("The Ninth Circuit has consistently held that district courts lack jurisdiction if a claimant does not exhaust [the] administrative process.") (citing *Intercont'l Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1283 (9th Cir. 1994) ("Because [the Plaintiff] failed to properly exhaust the statutorily mandated exhaustion requirements of [12 U.S.C.] § 1821(d), no jurisdiction exists over its action.")).

Similarly, in other cases where plaintiffs have named WaMu as a party, courts have allowed the remaining defendants to remove to federal court despite WaMu's absence. *See, e.g.*, *Shnell v. Wash. Mut. Bank*, 2009 WL 4646908 at *1 (E.D. Mich. Dec. 8, 2009) (noting that Chase removed the case because it was the "real party in interest" by virtue of its acquisition of certain assets and liabilities of WaMu from the FDIC); *Camillo v. Wash. Mut. Bank, F.A.*, 2009 WL 3614793 at *1 (E.D. Cal. Oct. 27, 2009) (noting that Chase and CRC removed the case because Chase stated in the notice of removal that it had acquired certain assets and liabilities of WaMu from the FDIC). Therefore, because it appears that WaMu

was improperly sued in this lawsuit, the remaining served parties may remove the case in WaMu's absence.³

## II. The Chase Defendants' Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Furthermore, "[a]lthough [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Even "a liberal interpretation of a . . . complaint may not supply [the] essential elements of [a] claim that were not initially pled."

---

³ Plaintiffs also suggest that Defendants did not file a copy of the state court records and proceedings. The Court, however, has received the state court records, and Plaintiffs do not explain which documents are purportedly missing.

- 6 -

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotations omitted).

**A.    RESPA**

The Complaint cites two portions of RESPA, only one of which is discussed in the actual claim for relief. Plaintiffs contend that "[i]n violation of 12 [U.S.C. § 2607], and in connection with the mortgage loan to plaintiff[s][,] Defendants accepted charges for the rendering of real estate which were in fact for other than services actually performed." (Dkt. # 1, Ex. 1 at 63.) This statement is nothing more than a "legal conclusion" combined with a "recitation of [some of the] elements of a cause of action," neither of which is sufficient to survive dismissal. *See Twombly*, 550 U.S. at 555. The allegation refers generally to "Defendants," without explaining what actions each Defendant took. The Complaint does not explain what charges were accepted or the circumstances of those alleged charges. This is especially relevant because Section 2607 lists multiple types of prohibited activities, such as business referrals and splitting charges. The facts provided fail to put Defendants or the Court on notice of Plaintiffs' claims and fail to raise a "reasonable inference" that Defendants are liable. *See Iqbal*, 129 S. Ct. at 1949.

In addition to Section 2607, another portion of the Complaint indicates that WaMu transferred a loan in violation of 12 U.S.C. § 2604. This claim fails for several reasons. First, as discussed above, WaMu is not a valid party to this lawsuit. Even so, it is legally and factually unclear whether Plaintiffs intended to raise a Section 2604 claim at all, as no supporting facts for such a claim are listed in the portion of the Complaint listing the RESPA claim. Additionally, Plaintiffs' claims would fail because there is no private right of action under Section 2604.[4] *See* 12 U.S.C. § 2614 (creating rights of action only for sections 2605, 2607, and 2608); *see also Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997)

---

[4] The Court notes this is an alternative holding even though Defendants do not raise this argument.

1  (finding no implied right of action for Section 2604); *Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994) (same). Accordingly, the Court dismisses the RESPA claim.

**B.    TILA**

Plaintiffs' TILA cause of action is one sentence, stating, "Defendants failed to provide the required disclosures as stipulated in TILA (Regulation Z) 226.17 and 226.18(a)(b) Subpart 'C'." (Dkt. # 1, Ex. 1 at 64.) This is merely a legal conclusion that does not inform anyone of facts explaining which Defendants failed to make which disclosures. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Another part of the Complaint mentions that "Defendants . . . failed to reveal the true sources of the funds for the alleged loan transaction, further preventing Plaintiff[s]' three day right of rescission under [12 C.F.R. § 226.15] because the real lender has not been revealed." (Dkt. # 1, Ex. 1 at 52.) This statement likewise omits too much factual detail, namely an explanation of which Defendants failed to reveal which information and how that nondisclosure would prevent Plaintiffs from seeking rescission within three days.

Furthermore, the TILA claim fails because Plaintiffs have not pled facts showing that the Defendants are "creditors" under TILA and only "creditors" are subject to TILA disclosure requirements. *See, e.g.*, 15 U.S.C. § 1635(a) ("The creditor shall clearly and conspicuously disclose . . . the rights of the obligor . . . . The creditor shall also provide . . . appropriate forms for the obligor to exercise his right to rescind . . . ."); 12 C.F.R. § 226.15(b) ("[A] creditor shall deliver two copies of the notice of the right to rescind."); 12 C.F.R. § 226.17(a)(1) ("The creditor shall make the disclosures required . . . ."); 12 C.F.R. § 226.18 ("[T]he creditor shall disclose the following information . . . ."). Section 1602(f) defines a "creditor" as:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement."

15 U.S.C. § 1602(f). This requires *both* that the defendant regularly extend consumer credit and be the person to whom the debt is initially payable on the face of the evidence or by agreement. *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 269 (4th Cir. 2008). The TILA section of the Complaint, however, does not allege that any of the Defendants are creditors, nor does it allege facts showing why any of the Defendants regularly extend consumer credit and are owed payments on the face of the lending agreement. Accordingly, the Court dismisses the TILA claim.

### C. FCRA

Plaintiffs contend "Defendants" provided "negative information" about Plaintiffs' credit to various credit reporting agencies. Plaintiffs do not specify which section of FCRA applies, but it appears that Plaintiffs intend to invoke 15 U.S.C. § 1681s-2 regarding furnishers' responsibilities in reporting to consumer reporting agencies. A private right of action, however, exists only for a violation of "reinvestigation" procedures under 15 U.S.C. § 1681s-2(b), but not for improper initial reporting to credit agencies under Section 1681s-2(a). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("§ 1681s-2[c] limits [any] private right of action to claims arising under [§ 1681s-2(b)], the duties triggered upon notice of a dispute from a [credit reporting agency]."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (discussing the lack of a private right of action under Section 1681s-2(a)). Section 1681s-2(b) "requires a furnisher of credit information to conduct an investigation '[a]fter receiving notice pursuant to section 1681i(a)(2) . . . of a dispute' regarding the accuracy of information provided to a consumer reporting agency." *Aklagi v. Nationscredit Fin.*, 196 F. Supp.2d 1186, 1193 (D. Kan. 2002) (citing 15 U.S.C. § 1681s-2, § 1681i(a)(2)) (emphasis omitted). In other words, no duty exists until "after the furnisher receives notice of the dispute *from a consumer reporting agency*, not just the consumer." *Id.* In this case, Plaintiffs not only have failed to specify which Defendants disclosed credit information and to which credit reporting agencies, but also Plaintiffs do not allege that Defendants are furnishers who received notice of a dispute

from a consumer reporting agency. The FCRA claim, therefore, lacks factual support to survive dismissal.

### III. CitiMortgage's Motion to Dismiss

The Complaint mentions CitiMortgage in only one paragraph, stating that "[CitiMortgage] is named as a separate defendant in that it hold[s] a second Deed of Trust on the disputed property." (Dkt. # 1, Ex. 1 at 57.) At least as it relates to Plaintiffs' RESPA, TILA, and FCRA claims, it is unclear how this allegation pleads any valid claims. The Complaint generally refers to "Defendants" in all allegations, but this general allegation is insufficient to put *each Defendant* on notice of the particular claims against it. *See Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968) (affirming dismissal where the complaint did not specify which defendants took which actions); *Allied Steel & Tractor Prods., Inc. v. First Nat'l Bank of N.Y.*, 54 F.R.D. 256, 260 (N.D. Ohio 1971) (discussing that even under "liberalized pleading requirements[,]" "merely identifying a party as a defendant without alleging more" violates Federal Rule of Civil Procedure 8). Nor is it clear how CitiMortgage, merely as the alleged holder of a second deed of trust, would necessarily be liable for any of the asserted RESPA, TILA, or FCRA claims. For example, Plaintiffs do not plead facts explaining why CitiMortgage accepted charges for rendering of real estate in violation of RESPA, what, if any, facts CitiMortgage failed to disclose in violation of TILA, or what, if any, credit information CitiMortgage improperly disclosed.

Plaintiffs' responses are inapposite. Plaintiffs discuss Federal Rules of Civil Procedure 18 and 20, but those rules relate to joinder of claims and parties, not to whether the Complaint has stated a claim upon which relief may be granted under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Plaintiffs also suggest that they may respond more fully once discovery is completed, but Plaintiffs must at least *plead* facts supporting a claim in the Complaint, even though Plaintiffs are not yet required to support these claims with evidence. Therefore, the Court dismisses all federal claims against CitiMortgage without prejudice.

## IV. The Court Declines To Exercise Pendent Jurisdiction.

As the Court discusses *supra*, Plaintiffs' federal claims do not survive dismissal under Federal Rule of Civil Procedure 12(b)(6), leaving only state claims for resolution. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988). In this determination, courts consider "economy, convenience, fairness, and comity." *Id.* Only in the "unusual case" should federal courts retain jurisdiction over the state law claims. *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994). This is not an unusual case, and it is appropriate to remand the state law claims. In the interest of comity, the Court remands to allow state courts to decide state law. Moreover, economy, convenience, and fairness all favor remand because this case is only at the motion-to-dismiss stage, so presumably the parties have not yet conducted substantial discovery. In addition, no court has become so intimately involved with the case that remand would be inefficient. Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' 28 U.S.C. Section 1447 Motion to Remand (Dkt. # 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the Chase Defendants' Motion to Dismiss (Dkt. # 9) is **GRANTED WITHOUT PREJUDICE** with respect to Counts I–III of the Complaint.

**IT IS FURTHER ORDERED** that CitiMortgage's Motion to Dismiss (Dkt. # 1, Ex. 1) is **GRANTED WITHOUT PREJUDICE** with respect to Counts I–III of the Complaint. Plaintiffs may file an amended complaint on or before **February 26, 2010**.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that If Plaintiffs do not file an Amended Complaint by **February 26, 2010**, the Clerk of the Court is directed to remand the state law claims (all claims other than Counts I–III) to the Maricopa County Superior Court without further notice.

DATED this 28th day of January, 2010.

*H. Murray Snow*
G. Murray Snow
United States District Judge